SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar. No. 261024
bleimkuhler@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:  714.513.5130

Attorneys for Defendant,
ALTERRA MOUNTAIN COMPANY U.S. INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO

| | |
|---|---|
| ROSEMARY GARCIA, an individual;, <br><br>         Plaintiff, <br><br>   v. <br><br> ALTERRA MOUNTAIN COMPANY U.S. INC., a Delaware corporation; and DOES 1 to 50 inclusive,, <br><br>         Defendants. | Case No. 2:19-cv-00666-MCE-CKD <br> Honorable Mason C. England, Jr. <br><br> **ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** <br><br><br> Action Filed:   February 27, 2019 <br> Trial Date:      None Set |

Defendant Alterra Mountain Company U.S. Inc. (hereinafter "Defendant"), in answer to plaintiff Rosemary Garcia's ("Plaintiff") Complaint, admits, denies, and alleges as follows:

## **INTRODUCTION**

1. In response to Paragraph 1 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff is mobility-impaired, and on that basis, denies the allegation. Defendant admits only that it operates a website and that the subject website speaks for itself. As to the remaining allegations Defendant denies all of them.

2. In response to Paragraph 2 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

3. In response to Paragraph 3 of the Complaint, Defendant denies each and every allegation.

4. In response to Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

5. In response to Paragraph 5 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

6. In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7. In response to Paragraph 7 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

8. In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9. In response to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

10. In response to Paragraph 10 of the Complaint, Defendant denies each and every allegation.

11. In response to Paragraph 11 of the Complaint, Defendant denies each and every allegation.

## JURISDICTION AND VENUE

12. In response to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13. In response to Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## PARTIES

14. In response to Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

15. In response to Paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

16. In response to Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

17. In response to Paragraph 17 of the Complaint Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## FACTUAL ALLEGATIONS

18. In response to Paragraph 18 of the Complaint, Defendant admits that it provides the public with access to reservations services, including but not limited to the ability to make reservations online at the Website. Defendant denies each and every other allegation.

19. In response to Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

20. In response to Paragraph 20 of the Complaint, Defendant denies each and every allegation.

21. In response to Paragraph 21 of the Complaint, Defendant denies each and every allegation.

22. In response to Paragraph 22 of the Complaint, Defendant denies each and every allegation.

23. In response to Paragraph 23 of the Complaint, Defendant denies each and every allegation.

24. In response to Paragraph 24 of the Complaint, Defendant denies each and every allegation.

25. In response to Paragraph 25 of the Complaint, Defendant denies each and every allegation.

/ / /

/ / /

/ / /

/ / /

/ / /

# FIRST CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.*
### (Injunctive Relief and Damages on Behalf of Plaintiff)

**(By Plaintiff Against All Defendants)**

26. In response to Paragraph 26 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 25 of this Answer as set forth above.

27. In response to Paragraph 27 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

28. In response to Paragraph 28 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

29. In response to Paragraph 29 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

30. In response to Paragraph 30 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

31. In response to Paragraph 31 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

32. In response to Paragraph 32 of the Complaint, Defendant denies each and every allegation.

33. In response to Paragraph 33 of the Complaint, Defendant denies each and every allegation.

## SECOND CAUSE OF ACTION

**(Declaratory Relief on Behalf of Plaintiff)**

34. In response to Paragraph 34 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 33 of this Answer as set forth above.

35. In response to Paragraph 35 of the Complaint, Defendant denies each and every allegation.

36. In response to Paragraph 36 of the Complaint, Defendant denies each and every allegation.

37. In response to Paragraph 37 of the Complaint, Defendant denies each and every allegation.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiffs' causes of actions and claims.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

1. Plaintiff lacks standing to pursue her alleged claims. To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an 'injury in fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Plaintiff lacks standing to pursue her alleged claims because, among other reasons, she is not a bona fide patron, she never attempted to access Defendant's website, and/or she does not intend to access Defendant's website in the future.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

2. Plaintiff's claims are barred to the extent they are based on visits to the subject website beyond the Statute of Limitations.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

3. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

**FOURTH AFFIRMATIVE DEFENSE**

(Effective Access)

4. The alleged barriers provide effective access to Plaintiffs. Even if the features alleged in the Complaint do not comply with applicable access standards, if any applicable standards exist, Defendant's website nonetheless provided effective access to Plaintiff because any alleged noncompliance as alleged in the Complaint was *de minimis*, the website was usable and accessible despite its alleged noncompliance, and/or Plaintiff was able to use and access Defendant's website and/or visit and/or make a reservation at the subject hotel

**FIFTH AFFIRMATIVE DEFENSE**

(Defendant Provided Services Via Alternative Methods)

5. Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods but Plaintiff never asked for or sought any assistance.

**SIXTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

6. Plaintiff's claims are barred under the doctrine of unclean hands since Plaintiff is not a bona fide patron, but a serial plaintiff who filed this lawsuit to try to extort a monetary settlement.

### SEVENTH AFFIRMATIVE DEFENSE
### (Technically Infeasible)

7. Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, does not subject Defendant to liability because full compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

### EIGHTH AFFIRMATIVE DEFENSE
### (Undue Burden)

8. Insofar as Defendant has not made changes to its website (and/or mobile applications), which Plaintiff contends should have been made as alleged in the Complaint, those changes were and are not required under federal, or California law, and any requirements to make those changes would impose an undue burden on Defendant.

### NINTH AFFIRMATIVE DEFENSE
### (Reasonable Modifications to Policies, Practices and Procedures)

9. Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability but Plaintiff never asked for or sought assistance.

### TENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

10. Plaintiff failed to properly mitigate her alleged damages and are purposefully accessing or alleging to be deterred from accessing Defendant's website and/or the hotel in order to improperly stack her damages and therefore are precluded from recovering those alleged damages.

## ELEVENTH AFFIRMATIVE DEFENSE
(Fundamental Alteration)

11.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because fixing the barriers alleged in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

## TWELFTH AFFIRMATIVE DEFENSE
(Removal of Access Barriers Was Not Readily Achievable)

12.     Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Legitimate Business Justifications)

13.     The Complaint, and each and every purported claim alleged therein, are barred because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

## FOURTEENTH AFFIRMATIVE DEFENSE
(Good Faith)

14.     Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted.  Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Mootness)

15. Plaintiff's claims are barred under the doctrine of mootness because Defendant's website complies with all applicable standards, if any exist, the hotel is usable and accessible to persons with a disability, including Plaintiff, and/or Plaintiff is able to use and access Defendant's website and/or hotel.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Equivalent Facilitation)

16. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Claims Subject to Arbitration)

17. Each of Plaintiff's claims are subject to a mandatory and binding arbitration provision set forth in Defendants' terms and conditions. Plaintiff agreed to abide by Defendant's terms and conditions, including the mandatory arbitration provision, when they utilized Defendant's services.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Forum Non Conveniens)

18. Plaintiff's claims are barred and/or subject to transfer in whole or in part because they have been filed in an inconvenient forum or *forum non conveniens*.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Improper Venue)

19. Plaintiff's claims are barred and/or subject to transfer in whole or in part because they have been filed an improper venue.

20.

## TWENTIETH AFFIRMATIVE DEFENSE

(No Irreparable Injury And/Or Adequate Remedy At Law)

21. Plaintiff's claim for injunctive and other equitable relief is barred because she will not suffer any irreparable injury if injunctive or other equitable relief is denied and/or because she has an adequate and complete remedy at law.

## PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiff takes nothing by way of her Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

For such further and other relief as the Court may deem just and proper.

Dated: August 2, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By   */s/ Gregory F. Hurley*
GREGORY F. HURLEY

Attorneys for Defendant,
ALTERRA MOUNTAIN COMPANY U.S. INC.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury.

Dated:  August 2, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By      */s/ Gregory F. Hurley*
         GREGORY F. HURLEY

Attorneys for Defendant,
ALTERRA MOUNTAIN COMPANY U.S. INC.